FURNESS, WITHY & CO., Limited, v. FAHEY et al.

(District Court, D. Maryland. March 29, 1916.)

In Admiralty. Suit by Furness, Withy & Co., Limited, a corporation, against John T. Fahey, J. Frank Reilly, and Edgar F. Richards, copartners trading as John T. Fahey & Co. Decree for libelant.

Whitelock, Deming & Kemp and John B. Deming, all of Baltimore, Md., for libelant.

Venable, Baetjer & Howard and Charles McHenry Howard, all of Baltimore, Md., for respondent.

ROSE, District Judge. Here, as in the case of Furness, Withy & Co., Limited, v. Louis Muller & Co., 232 Fed. 186, the shipowner seeks damages for the failure of charterer to furnish a cargo and pay freight. The same defense, in that case held insufficient, is, along with another, here relied upon. It has even less support in the facts. In the instant case the lay days did not expire until August 26th. Within the 11 days next preceding that date, three grain ships sailed from Baltimore to French ports. The charterer now before the court says, even so, the owner cannot recover because of its own refusal to carry out its contract.

When, on the 19th of August, the ship reported itself ready to receive cargo, it added that such tender was without prejudice to its right to demand extra compensation to cover war risk insurance, etc. Apparently this was nothing more than a notice that if, under the conditions existing, the charter gave the right to such higher pay, the owner did not waive it. It is, however, unnecessary so to decide. The next day the condition was withdrawn altogether. It is true that a member of the charterer's firm, in immediate charge of this transaction, denies that he ever heard of its withdrawal. After hearing him and the other witnesses I am satisfied that he is mistaken. It is certain that the charterers, for days after the notice and its withdrawal, acted as if the ship was at their command, if they wanted it. The contention that the owner had previously ended the charter was clearly an afterthought.

The charterers here had the same choice of ports as existed in the other cases. Here, as there, the charterers say they would have selected Havre. There is nothing to show that they would not. The damages will be calculated upon the assumption that they would. So figuring, and giving the charterers credit to the expiration of the period the ship would otherwise have been engaged in performing its original charter for its daily earnings under a time charter effective from September 8th, it appears that the owner is entitled to a decree for $5,-592.57.